UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY DAMATO,
    Plaintiff,

v.

O'HALLORAN,[1] UCONN MEDICAL,
MEDICAL STAFF – McDOUGALL C/I,
    Defendants.

No. 3:14-cv-01209 (JAM)

**INITIAL REVIEW ORDER**

    Plaintiff Gary Damato, a state prisoner currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker"), has commenced this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants Dr. O'Halloran, UConn Medical, and medical staff at MacDougall-Walker were deliberately indifferent to his medical needs. All defendants are named in their individual and official capacities. The Court (*Holly B. Fitzsimmons, M.J.*) previously granted plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth herein, I dismiss all claims against defendants UConn Medical and the medical staff at MacDougall-Walker pursuant to 28 U.S.C. § 1915A. Plaintiff's claim against Dr. O'Halloran in his individual capacity shall proceed.

**Background**

    Plaintiff's handwritten complaint is difficult to decipher, but as best I can tell, the complaint alleges the following facts. Plaintiff suffers from serious back and leg pain as well as degenerative disc disease. Before he was incarcerated, plaintiff's doctors treated his pain with

---

[1] The Clerk is directed to modify the case caption to reflect the spelling of defendant

Oxycontin and Percocet. But, since his incarceration, Dr. O'Halloran (who is apparently a doctor affiliated with MacDougall-Walker) has treated him with Tylenol only. Despite plaintiff's requests, Dr. O'Halloran refused to prescribe plaintiff the medications he took before his incarceration. When plaintiff questioned him about the fact that other inmates with less serious conditions received stronger medication, Dr. O'Halloran stated that he had intended to increase plaintiff's medication but had reconsidered in response to plaintiff's complaints. Plaintiff seeks damages for the denial of the stronger pain medications.

## Discussion

Under 28 U.S.C. § 1915A(b), a district court is required to review civil complaints filed by prisoners and to dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed allegations are not required, but "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). It is well established that *pro se* complaints are to be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

"The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care," and an inmate who pleads that he or she was deprived of such care can raise a cognizable claim under section 1983.

---

O'Halloran used herein.

*Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)). But to prevail on a section 1983 claim against a defendant for damages, a plaintiff must allege facts demonstrating the defendant's direct or personal involvement in the actions that the plaintiff alleges caused the deprivation of his constitutional rights. *See, e.g.*, *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Plaintiff's complaint sets forth factual allegations regarding Dr. O'Halloran's personal involvement with his medical treatment, but contains no facts regarding the involvement of UConn Medical or specific medical staff members at MacDougall-Walker. Absent any factual allegations against the medical staff at either facility, plaintiff fails to state a plausible claim against these defendants. Accordingly, any claims against defendants UConn Medical and the medical staff at MacDougall-Walker are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The case shall proceed on plaintiff's claim for deliberate indifference to a serious medical need against Dr. O'Halloran in his individual capacity only.

## Conclusion

In accordance with the foregoing analysis, the Court hereby orders as follows:

1. All claims against defendants UConn Medical and the medical staff at MacDougall-Walker are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

2. The Clerk shall verify the current work address of defendant Dr. O'Halloran with the Department of Correction Office of Legal Affairs, and mail waiver of service of process request packets to him at the confirmed address within **twenty-one (21) days** from the date of this Order. The Clerk shall report to the Court on the status of that waiver request on the **thirty-fifth (35)** day after mailing. If defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on

defendant in his individual capacity and defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

3. The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

4. Defendant shall file his response to the complaint, either an answer or motion to dismiss, within **120 days** from the date of this order. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

5. Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

6. All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

7. Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.

8. If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff **MUST** notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **"PLEASE NOTE MY NEW ADDRESS"** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify defendant or the attorney for defendant of his new address.

It is so ordered.

Dated at Bridgeport this 22nd day of October 2014.

/s/
Jeffrey Alker Meyer
United States District Judge