**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GARY DAMATO,
    Plaintiff,

    v.

                                       No. 3:14-cv-01209 (JAM)

DR. RUIZ,
    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Gary Damato is a prisoner of the Connecticut Department of Correction, and he has filed a *pro se* amended complaint under 42 U.S.C. § 1983 alleging that his treating physicians have been deliberately indifferent to his medical needs in violation of the Eighth Amendment of the United States Constitution. Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and plaintiff has not filed a response or sought an extension of time to do so.

**BACKGROUND**

Plaintiff initially filed a complaint against another prison doctor and against the University of Connecticut Medical system. In an initial review order, I dismissed all of plaintiff's claims, except for his claim against Dr. O'Halloran. Doc. #5. Plaintiff then filed an amended complaint, alleging a claim against his current treating physician, Dr. Ruiz. Doc. #6. According to the amended complaint, Dr. O'Halloran "finally agreed to treatment" that plaintiff wanted, and it is unclear whether plaintiff continues even to maintain a claim against Dr. O'Halloran.[1] In any event, the crux of plaintiff's re-fashioned complaint is that Dr. Ruiz will not approve plaintiff's

---

[1] Even if I were to interpret plaintiff's complaint to include Dr. O'Halloran as a defendant, I would dismiss the deliberate indifference claim against Dr. O'Halloran for the reasons otherwise set forth in this order.

receipt of oxycontin and percocet to treat plaintiff's pain, on the ground that these medications are not in use at plaintiff's correctional institution. Doc. #6 at 6. He further complains that Dr. Ruiz has prescribed Neurontin instead and has warned that oxycontin may have adverse health effects and "wants me to believe such trash." *Ibid.* He also complains that Dr. Ruiz has renewed but then discontinued his Tylenol and that he continues to be in excruciating pain as a result of his pre-existing medical conditions. *Ibid.*

## DISCUSSION

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014) (same). Moreover, "'[a]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to survive a motion to dismiss. *Ibid.* (quoting *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009)); *see also Krys v. Pigott,* 749 F.3d 117, 128 (2d Cir. 2014) (noting that court is "not bound to accept as true a legal conclusion couched as a factual conclusion" or "to accept as true allegations that are wholly conclusory") (citations and internal quotation marks omitted).

To be sure, "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)). Still, even a *pro se* complaint must plead enough facts to state a plausible claim for relief. "We have noted

2

our obligation to construe pro se complaints liberally, even as we examine such complaints for

factual allegations sufficient to meet the plausibility requirement." *Hill v. Curcione*, 657 F.3d

116, 122 (2d Cir. 2011). In short, my role in reviewing the motion to dismiss is to determine

whether the complaint—apart from any of its conclusory allegations and construing its *pro se*

allegations liberally—sets forth sufficient facts to state a plausible claim for relief.

The Court will grant the motion to dismiss for two reasons. First, plaintiff has failed to

file an opposition to the motion to dismiss, despite the fact that it was filed more than two

months ago and with the requisite advisory notice to a *pro se* plaintiff of the necessity that he file

a timely response. *See* D. Conn. Local Civ. R. 7(a)(1) & 12.

Second, for reasons amply set forth in defendant's motion to dismiss, it is clear that the

factual allegations of the complaint do not set forth plausible grounds for relief. The Eighth

Amendment forbids "deliberate indifference to serious medical needs of prisoners," *Estelle v.*

*Gamble,* 429 U.S. 97, 104 (1976). A deliberate indifference claim contains two requirements.

The first requirement is objective—that the alleged deprivation of medical care must be

sufficiently serious—and the second requirement is subjective—that the charged officials must

be subjectively reckless in their denial of medical care. *See Spavone v. New York State Dept. of*

*Corr. Services*, 719 F.3d 127, 138 (2d Cir. 2013).

Here, plaintiff complains in essence of a disagreement with his doctors about what kind

of pain medication he should receive. There is no allegation that they refuse to treat him at all or

that they bear him ill will. This type of disagreement between a patient and physician does not

plausibly establish grounds for a claim of deliberate indifference in violation of the Eighth

Amendment. *See, e.g.*, *U. S. ex rel. Hyde v. McGinnis*, 429 F.2d 864, 868 (2d Cir. 1970) (because

"the complaint describes only a disagreement over the judgment exercised in Hyde's medical

treatment, at most rising to no more than mere negligence on Dr. Jameson's part, we hold that it did not state a claim against Dr. Jameson under § 1983").

More recently, the Second Circuit has ruled in *Hill v. Curcione* that "[m]edical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness—'an act or a failure to act by [a] prison doctor that evinces a conscious disregard of a substantial risk of serious harm.'" 657 F.3d at 123 (quoting *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998)). Thus, in *Hill*, the Second Circuit affirmed dismissal of a *pro se* complaint alleging that plaintiff was denied sufficient pain medication where "there is no allegation that either medical provider acted with a culpable state of mind," and further noting that "[i]ssues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking." *Ibid*; *see also Rush v. Fischer*, 923 F.Supp.2d 545, 555 (S.D.N.Y. 2013) (dismissing prisoner complaint alleging failure to prescribe requested pain medication, noting that "[t]he decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs" and that "plaintiff has provided no factual allegations that the decision to provide ibuprofen in lieu of Percocet deviated from reasonable medical practice for the treatment of his pain, much less that Nurse Gutouski acted with a culpable state of mind in making this decision").

As in *Hill*, plaintiff's allegations fall well short of showing that his disagreement with his doctors about the type of pain medication that he should receive is the product of any doctor acting in bad faith or with reckless disregard to his serious medical needs. For this reason, his complaint will be dismissed. Moreover, the complaint will dismissed with prejudice in view that plaintiff has already filed an amended complaint, that he has declined to file a response to the motion to dismiss, and that it appears in light of the nature of plaintiff's dispute with his doctors

that any amendment would be futile. *See Hill*, 657 F.3d at 123 (noting that "the District Court properly dismissed the complaint without leave to amend" because "[i]ssues of medical judgment cannot be the basis of a deliberate indifference claim where evidence of deliberate indifference is lacking" and that "[w]here a proposed amendment would be futile, leave to amend need not be given").

CONCLUSION

The motion to dismiss (Doc. #16) is GRANTED with prejudice. Plaintiff's motion for summary judgment and for immediate injunctive relief (Doc. #17) is DENIED as moot.

The Clerk of Court shall close this case.

It is so ordered.

Dated at Bridgeport this 22nd day of June 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge